UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

998 SW 144TH COURT RD., LLC,

    Plaintiff,

v.                                                     Case No: 5:15-cv-225-Oc-30PRL

SARAH K. LOVEJOY, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court sua sponte upon review of the file. Plaintiff filed a verified second amended foreclosure complaint on June 24, 2014, against Defendants in the Fifth Judicial Circuit in and for Marion County, Florida, alleging breach of contract and mortgage foreclosure. (Docs. 2, 6). Defendants William C. Mawhinney and Randall A. Ralicki (collectively the "Removing Defendants") filed a notice of removal on May 4, 2015, alleging subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332. (Docs. 1, 4).

A civil case filed in state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Here, Plaintiff alleges a claim for breach of contract and mortgage foreclosure under Florida law. (Docs. 2, 6). Thus, the verified second amended foreclosure complaint presents no federal question, and there is no subject matter jurisdiction pursuant to § 1331.[1] Additionally, according to Plaintiff's verified second amended foreclosure complaint, all parties are Florida residents. The Removing Defendants have presented no evidence to the contrary.[2] Thus, because the Removing Defendants have not established diversity of citizenship, they have also failed to establish subject matter jurisdiction pursuant to § 1332. *See* 28 U.S.C. § 1332(a) (providing that diversity jurisdiction is established by demonstrating that there is complete diversity of citizenship and the amount in controversy exceeds $75,000); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (holding that the burden of proving diversity of citizenship rests with the party asserting diversity jurisdiction).[3] The Removing Defendants have failed to establish subject matter jurisdiction, and, therefore, removal is improper.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. This action is REMANDED to state court.

---

[1] The Removing Defendants allege that they have asserted a counterclaim presenting a federal question. (Doc. 1, Ex. B). However, federal counterclaims are not sufficient to confer federal question jurisdiction under § 1331. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002).

[2] The Removing Defendants merely assert that various entities involved in Plaintiff's allegations are federally charted or federally regulated. But such allegations are not sufficient to establish subject matter jurisdiction.

[3] The Court further notes that the Removing Defendants' removal is not timely pursuant to 28 U.S.C. § 1446(b)(3), which requires that the notice of removal be filed within thirty days after receipt by the defendant of a copy of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable." Plaintiff's second verified amended complaint was filed on June 24, 2014, and the Removing Defendants did not file their notice of removal until May 4, 2015.

2.  The Clerk is directed to remand this case to the Fifth Judicial Circuit in and for Marion County, Florida, and provide that court a copy of this Order.

3.  All pending motions are denied as moot and the clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of June, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record